# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3127 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Chibueze C. Anaeme vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Chibueze C. Anaeme's Motion for Leave to Proceed *In Forma Pauperis* [4] is denied. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is *pro se* plaintiff Chibueze C. Anaeme's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the motion is denied and the case is dismissed.

Plaintiff sues the United States of America, the National Association of Boards of Pharmacy, the state of Georgia, the Secretary of State of Georgia, Georgia Professional Licensing Boards Division, Georgia Board of Pharmacy, the Office of Attorney General, Georgia, the state of California, San Diego County, California, San Diego County Public Defenders Office, the City of San Diego, California, the City Attorneys Office, City of San Diego, San Diego Unified Port District, San Diego County Sheriffs' Department, California State Police, County of San Diego Health and Human Services Department Forensic Services Unit, San Diego, California, Transit System Security, Fort Heritage Courier Service, Heritage Security Services, Veolia Environment, Veolia Transportation Services, Inc., Veolia Environmental Services, Veolia Water North America, Veolia Transport, Veolia Verkehr, Connex, San Diego Metropolitan Transit System, San Diego Trolley, Inc., San Diego Transit Corporation, San Diego and Arizona Eastern Railway Company, San Diego Vintage Trolley, Inc., Sandag, North County Transit District, in addition to 248 individuals.

Plaintiff alleges that in April 2007, he submitted a completed application and request for transfer of his Pharmacy License to several states. In his view, the license was "wrongfully denied" by the National Association of Boards of Pharmacy. Compl. ¶ 39. He also submitted completed applications and a petition to the Secretary of State Georgia Professional Licensing Boards Division and the Georgia Board of Pharmacy for reinstatement of his Georgia Pharmacist License. But his applications and petition were apparently "wrongfully denied without probable cause." Id. ¶ 40. According to Plaintiff, Defendants have injured him "in malicious falsehood, loss of enjoyment of life, loss of income, loss of property, libel, defamation, slander, damage to property, denial of due process, loss of consortium, denial of proper medical care to name a few in violation of the Evidence Code, Evidence Rule, International Immigration laws, Law Enforcement Code of Ethics, American Medical Association Code of Ethics, Code of Judicial Ethics, ABA Model Rule, Rules of Professional Conduct, Riles [sic] of civil and Criminal Procedure, State Bar Act, The Medical Board of

California Business and Professions Code, Constitutional and Statutory provisions to name a few as is applicable." Id. ¶ 42. Plaintiff attempts to allege three claims for relief: (1) negligence; (2) conspiracy; and (3) disparate treatment.

The Court must dismiss this case if it determines that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous claim is one "that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Plaintiff's complaint fails on all three grounds. To the extent that Plaintiff seeks monetary relief against states and their agencies, these defendants are immune from suit under the Eleventh Amendment. Burrus v. State Lottery Comm'n of Ind., 546 F.3d 417, 419-20 (7th Cir. 2008) (citations omitted). Otherwise, Plaintiff's complaint is nonsensical, implausible, and ungrounded. Further, it fails to comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and "simple, concise, and direct" allegations, id. (d)(1). Plaintiff fails to state a plausible claim on which relief may be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Atkins v. City of Chicago, 631 F.3d 823, 831-32 (7th Cir. 2011).

Because Plaintiff's fantastic complaint seeks monetary relief against defendants who are immune from such relief, it is frivolous, and fails to comply with the minimal pleading requirements set forth in Rule 8, Plaintiff's motion for leave to proceed *in forma pauperis* is denied and the case is dismissed.

IT IS SO ORDERED.

FILED
2012 MAY -4 PM 4:35
CLERK
U.S. DISTRICT COURT